IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GUADALUPE PAZ, § § Plaintiff, § § v. § § WALMART INC., § § Defendant. § | Civil Action No. **3:23-cv-02736-L** |

**MEMORANDUM OPINION AND ORDER**

On December 13, 2023, the court identified jurisdictional deficiencies in Defendant Walmart Inc.'s ("Defendant") Notice of Removal (Doc. 1) regarding the amount in controversy and directed it to file an amended notice of removal by December 27, 2023, that cured this deficiency. *See* Doc. 4. The court also warned that Defendant's failure to file an amended notice of removal that cured the deficiency identified would result in the *sua sponte* remand of this action to state court for lack of subject matter jurisdiction. For the reasons herein explained, the court *sua sponte* **remands** this action to state court for lack of subject matter jurisdiction based on its determination that the jurisdictional deficiencies identified has not been cured.

**I.     Amount in Controversy**

For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (citation omitted). When, as here, the plaintiff does not allege a "specific amount of damages," but instead alleges a range of damages, the removing defendant has the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Allen v. R & H Oil & Gas*

Memorandum Opinion and Order – Page 1

*Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) (*De Aguilar I*)); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408-09 (5th Cir. 1995) (*De Aguilar II*) ("[S]trictly speaking, plaintiffs have not alleged a specific amount of damages, as the amount they claim can range from $1 to $50,000.") (citing and quoting *De Aguilar I*, 11 F.3d at 58). Likewise, evidence establishing the amount in controversy exceeds $75,000 is necessary when the court questions the amount in controversy allegation. *Dart*, 574 U.S. at 87-88. The defendant can satisfy this burden by: (1) demonstrating that it is facially apparent from the plaintiff's petition that the claims likely exceed $75,000, or (2) "by setting forth the *facts* in controversy— preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen*, 63 F.3d at 1335 (citation omitted). "Removal, however, cannot be based simply on conclusory allegations" that are unsupported by facts, and "under any manner of proof, the jurisdictional facts that support removal must be judged at the time of removal" such that "any post-petition affidavits are allowable only in relevant to that period of time." *Id.* (citation omitted); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000).

  Defendant's original Notice of Removal relied solely on Plaintiff's Petition and formulaic request for damages that are commonly included in state court petitions in slip-and-fall cases such as this without setting forth sufficient facts in controversy that would support a finding that the amount in controversy is satisfied. Defendant correctly noted that Plaintiff alleges a range of monetary relief of $250,000 or less; however, this range necessarily includes damages that are $75,000 and under. In its December 13, 2023 Order and Notice of Deficiency, however, the court explained that it is not facially apparent from Plaintiff's pleadings that any recovery would likely exceed $75,000 given the conclusory nature of her allegations.

  Specifically, Plaintiff alleges "[w]hile in the store, [she] slipped and fell on a slippery substance" and thus Defendant is liable pursuant to "Negligence and Premise Liability" and

**Memorandum Opinion and Order – Page 2**

"Negligent Undertaking." Doc. 5-3 at 8. Plaintiff only asserts tort claims that do not entitle her to recover attorney's fees, and the allegations in her Petition regarding the extent or nature of the injuries are conclusory and provide no information from which the court can determine whether her recovery, if she prevails on her claims, would likely exceed $75,000.

In its Amended Notice of Removal, Defendant continues to rely on Plaintiff's formulaic request for various types of damages:

> 18. Plaintiff seeks past and future medical care and expenses, past and future physical pain and suffering, past and future mental anguish, past and future impairment, lost wages, past and future loss of earning capacity, and past and future disfigurement, and all other relief, in law and in equity, to which Plaintiff may be entitled. *See* Plaintiff's Original Petition, §VII (a-e).

Doc. 5 at 5. Plaintiff's conclusory boilerplate request for damages does not provide any additional insight or facts from which the court can ascertain the nature or extent of her alleged injuries. *See* Doc. 5-3 at 11 (seeking past and future damages for: "[p]hysical pain"; "[m]ental anguish"; "[p]hysical impairment"; "[l]ost [w]ages/[l]oss of earning capacity"; and "[m]edical [c]are and [t]reatment."). For example, Plaintiff's Petition is devoid of any factual allegations that would support a request for mental anguish damages under Texas law, and the Fifth Circuit has made clear that removal "cannot be based simply upon conclusory allegations."[*] *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 & n.11 (5th Cir. 2003) (quoting *Allen*, 63 F.3d at 1335). Further, there are no specific allegations regarding the extent of any physical impairment or the amount of any lost earnings she has incurred or expects to incur. Likewise, Plaintiff provides no monetary

---

[*] To recover mental anguish damages in Texas, there must be direct evidence "of the nature, duration, or severity of [the] plaintiff's anguish, thus establishing a substantial disruption in the plaintiff's daily routine, or other evidence of a high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment, or anger." *Pay & Save, Inc. v. Martinez*, 452 S.W.3d 923, 929-30 (Tex. App.—El Paso 2014, pet. denied) (citing *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995)) (other citations omitted). Plaintiff here is not required to come forward with evidence at the pleading stage. As noted, however, her Petition contains *no* factual allegations that would support an award for mental anguish damages. Accordingly, any reliance by Defendants on Plaintiff's request for mental anguish damages to show that the requisite amount in controversy is satisfied for purposes of diversity jurisdiction is misplaced and insufficient to satisfy its burden as the removing parties.

**Memorandum Opinion and Order – Page 3**

estimates or facts regarding any medical care or expenses she has incurred to date. For all these reasons, it is not facially apparent from Plaintiff's pleadings that the amount in controversy requirement for diversity jurisdiction is met.

In addition, the sole evidence outside of the pleadings that it relies on to establish that the jurisdictional amount is met is Plaintiff's First Amended Objections and Responses to Defendant's Requests for Admissions:

> 19. Plaintiff seeks monetary relief over $75,000. Exhibit A, Admissions, No. 1. Thus, the amount in controversy exceeds the jurisdictional minimum for removal to this Court.

Doc. 5 at 5. Specifically, Defendant relies on Plaintiff's answer to its "Request for Admission No. 1":

> **REQUEST FOR ADMISSION NO. 1:**   Admit that you are not seeking more than $75,000 in damages.
>
> **RESPONSE:**
>
> **Deny**

*Id.* at 11. The Fifth Circuit has held that a post-removal stipulation by a plaintiff may be considered if the basis for jurisdiction is ambiguous at the time of removal. *See De Aguilar II*, 47 F.3d at 1406 ("Post-removal affidavits sometimes can be relevant where the jurisdictional amount question is unresolved."). The denial of the negative request, however, does not equal an affirmance. There are several reasons why Plaintiff would not stipulate that her claims do not exceed $75,000, and a refusal to stipulate standing alone does not satisfy Defendant's burden of proof on the jurisdictional issue. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002) (holding that any doubts as to the propriety of the removal should be construed strictly in favor of remand). Therefore, Defendant fails to cure the jurisdictional deficiency identified by the court in its Order.

## II. Conclusion

For the reasons set forth herein, neither Plaintiff's Petition nor the Notice sets forth sufficient allegations or evidence for the court to reasonably conclude that the jurisdictional threshold for the amount in controversy for removal has been met. Accordingly, the court **lacks** diversity jurisdiction to hear this action, and *sua sponte* **remands** it to the County Court at Law No. 2, Dallas County, Texas. The clerk of court **shall** effect the remand in accordance with the usual procedure.

**It is so ordered** this 13th day of May, 2024.

Sam A. Lindsay
United States District Judge